72 F.3d 127
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jimmie NELSON, Plaintiff-Appellant,
v.
M.C. CANNON; Ray Isgett; Blake E. Taylor, Jr., Defendants-Appellees.
 No. 94-7082.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1995.
Decided Dec. 18, 1995.
 
 Jimmie Nelson, Appellant Pro Se. James Albert Stuckey, Jr., Sandra J. Senn, STUCKEY & KOBROVSKY, Charleston, South Carolina; Austin J. Tothacer, Jr., Pinopolis, South Carolina, for Appellees.
 Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jimmie Nelson appeals from a district court judgment entered on jury verdicts in favor of Defendants. We affirm.
 
 
 2
 Nelson raises several claims on appeal that necessitate a transcript for full review. However, with regard to those claims, Nelson failed to present a "substantial question" before this Court. Therefore, he is not entitled to a transcript at government expense, 28 U.S.C. Sec. 753(f) (1988), and we do not further address the unsupported claims.
 
 
 3
 Nelson does raise three claims capable of review on the record before us. First, Nelson claims that the district court erred in dismissing unwholesome-food and denial-of-visitation claims that this court remanded to the district court in a prior opinion, Nelson v. Cannon, No. 93-6075 (4th Cir. Apr. 12, 1994) (unpublished). The record reveals that the district court did not dismiss the claims, and there is no basis for attacking the entry of judgment on Nelson's "prison conditions" claims that subsumed these issues.
 
 
 4
 Nelson next claims that the district court erred in denying his request to interview witnesses just prior to trial while he was in a holding cell in the courthouse. We find that, in light of the security problems raised by such a request, and because Nelson failed to allege any prejudice from the lack of last-minute interviews, the district court did not deprive Nelson of due process by disallowing his request. Cf. United States v. Morsley, 64 F.3d 907, 912-13 (4th Cir.1995) (due process claim for prosecutorial misconduct requires prejudice showing).
 
 
 5
 Finally, Nelson claims error in the district court's refusal to appoint counsel. We find no abuse of discretion. There are no exceptional circumstances such as a complex factual scenario or intricate legal contentions that would merit appointment of counsel, and the record reveals that Nelson has no difficulty presenting his case before the court. Thus, there was no basis for appointing counsel below. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984).
 
 
 6
 Therefore, we affirm the district court judgment. We deny Nelson's motion for appointment of counsel on appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.